■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HOLLIS WILLIAM SPRUNG, Appellant.— Appeal from denial of a petition for a writ of error *coram nobis*, County Court, Schuyler County. On December 15, 1943 defendant was arraigned before the Schuyler County Court on charges of burglary and grand larceny. He had no counsel. He pleaded guilty to these charges and to being a third felony offender. The record clearly shows that defendant was advised by the court on his right to counsel. The minutes say: " The Court advised the defendant of his right to counsel and time to procure same before pleading, etc. Right waived." This is not disputed by defendant. In his testimony on the *coram nobis* proceeding he said that the Judge told him " that I would be entitled to an attorney and I would receive a limited amount of time to acquire same." He also testified that he did not know that he would have an attorney assigned to him if he were unable to retain one. It was later established in a habeas corpus proceeding that defendant was not a third offender and there was another defect in the charge, and these were corrected by a subsequent sentence. It is argued on his appeal that the waiver of his right to aid of counsel was not done " intelligently, understandingly and competently " because he did not know that the court would assign counsel, and that from the way in which he was advised of his right, coupled with the words " time to acquire same ", he assumed it was meant that he would have to hire counsel himself. The words of section 308 of the Code of Criminal Procedure closely link the question of a defendant's desire of the aid of counsel with the obligation of the court " to assign counsel "; but it does not require that the court spell this out to a defendant, although it is common practice to do this. Since the statute does not expressly require the court to advise the accused that it will assign counsel if he cannot retain one, and since if the literal procedural requirements of the statute are followed it would lead to uncertainty and confusion to guarantee that each accused person understand fully, as well as hear literally, the words required, we are unwilling to require further refinement or technical subtlety in the procedure in this case which arose almost 20 years ago and is now questioned for the first time. Order unanimously affirmed. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.